## Reserve Mutual Insurance Co. *versus* Kane.

1. The liability of a child under the poor laws for the support of a parent, with the natural feelings of affection producing a desire to provide for the comfort of the parent, gives a right to the child to effect an insurance on the life of the parent.

2. A child has an insurable interest in the life of a parent. The relationship prevents an insurance on a parent's life from being a gambling adventure.

February 18th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia*: Of July Term 1874, No. 112.

This was an action of debt, brought May 3d 1873, by James P. Kane against the Reserve Mutual Life Insurance Company, on a policy of insurance for $2000, issued April 1st 1872, by the defendants to the plaintiff, on the life of his father, John Kane.

The case was tried April 15th 1874, before Briggs, J.

The plaintiff gave evidence of the death of John Kane on the 26th of June 1872. The father had come from Ireland; had lived in this country two or three years; plaintiff paid $120 for bringing his father and family to this country; $50 had been repaid him by the mother; the father intended to repay him, but had not; the father was a laborer; kept house from April to June 1872; was 55 years old when he died; left a widow, three sons and a daughter; the plaintiff paid through affection, but expected the father would have paid it had he lived; the money paid by him brought over the father, mother, brothers and sister; he expected the father would compel the brothers to pay their passage-money back.

The defendants' points were,

1. If the jury find from the evidence that the plaintiff was, at the execution of the policy of life insurance, an adult son of John Kane, then as such he had no insurable interest in the father's life, and the verdict should be for the defendants.

2. If the jury find from the evidence that the plaintiff represented, at the time of his application, that he had an insurable interest in the life of John Kane, it is now incumbent upon him to satisfy the jury that he had such an interest, and if he has failed so to do, the verdict should be for the defendants.

3. Plaintiff, as a creditor, can only recover in this case the amount of his outlay on behalf of his father.

The court refused the points, and directed the jury to render a verdict in favor of the plaintiff for the amount of said policy, $2000, less six months' premium unpaid, and for the interest, amounting to $2085.34. The jury so found.

[Reserve Mutual Ins. Co. v. Kane.]

The defendants took a writ of error, and assigned the refusal of their points and the instruction of the court, for error.

*H. M. Dechert*, for plaintiffs' in error, as to first assignment, cited : Dalby *v.* India Life Insurance Co., 15 C. B. 365 ; Shilling *v.* Accidental Death Insurance Co., 2 H. & N. 42 ; Ruse *v.* Mutual Life Insurance Co., 23 N. Y. 516 ; Lord *v.* Dall, 12 Mass. 115 ; 3 Kent's Com. 268 ;. Halford *v.* Kymer, 10 B. & C. 724 ; Bunyon 16 ; Dowderwell on Life Insurance 19 ; Shilling *v.* Accidental Death Insurance Co., 27 L. J. Exch.· 16 ; Miller *v.* Ins. Co., 2 E. D. Smith 268 ; Mitchell *v.* Union Life Ins. Co., 45 Me. 104 ; Franklin Life Ins. Co. *v.* Hazzard, 41 Ind. R. 116 ; Loomis *v.* Ins. Co., 6 Gray 396 ; Stevens *v.* Warren, 101 Mass. 564 ; American Ins. Co. *v.* Robertshaw, 2 Casey 189 ; Bevin *v.* Conn. Mutual Life Ins. Co., 23 Conn. 244 ; Cammack *v.* Lewis, 15 Wallace 643 ; Fox *v.* Penn Mutual Life Ins. Co., 4 Bigelow Life R. 485 ; Pritchet *v.* Insurance Co. of North America, 3 Yeates 458 ; Craig *v.* Murgatroyd, 4 Yeates 168 ; Adams *v.* Penna. Ins. Co., 1 Rawle 106 ; Delaware Ins. Co. *v.* Archer, 3 Id. 223 ; Ellmaker *v.* Franklin Fire Ins. Co., 6 W. & S. 439 ; Edgell *v.* McLaughlin. 6 Whart. 176.

If the interest relied upon be that of a creditor, then the policy must be reasonably proportioned to the amount of the indebtedness, and will not be good beyond that amount : American Life Ins. Co. *v.* Robertshaw ; Fox *v.* Penn Mutual Life Ins. Co., *supra.*

*D. C. Harrington*, for defendant in error.—Parents and children have insurable interests in each other's lives : Loomis *v.* Eagle Life Ins. Co., 6 Gray 396.   So sister and brother : Lord *v.* Dall, 12 Mass. 115 ; Mitchell *v.* Union Life Ins. Co., 45 Me. 104 ; Trenton Mutual Life & Fire Ins. Co. *v.* Johnson, 4 Zabriskie 576 ; Bunyon 23 ; Barker *v.* Morris, 1 Moo. & R. 66 ; Bevin *v.* Conn. Mutual Life Ins. Co., 23 Conn. 251.

Judgment was entered in the Supreme Court, March 6th 1876, PER CURIAM.—By the 28th section of the Poor Law of June 13th 1876, the father and grandfather, and the mother and grandmother, and the children and grandchildren of every poor person not able to work, shall, at their own charge, being of sufficient ability, relieve and maintain such poor person, at such rate as the Court of Quarter Sessions of the proper county shall order and direct.   Maintenance of a father or mother unable to work is, therefore, a legal liability.   When we add to this the feelings of natural affection and the desire produced by these feelings to provide for the comforts of parents, the right to effect an insurance on the life of the parent, to carry out these purposes, ought not to

be denied. It would be technical in the extreme to say that a son has no insurable interest in his father's life. Poverty may overtake the father in his lifetime, and thus both father and mother be cast upon the son; or if the father die before her, the necessity may fall at once upon the son. Why then should he not be permitted to make a provision, by insurance, to reimburse himself for his outlays, past or future? What injury is done to the insurance company? They receive the full premium, and they know in such case, from the very relationship of the parties, that the contract is not a mere gambling adventure, but is founded in the best feelings of our nature, and on a legal duty which may arise at any time. We are of opinion that the policy is not void.

Judgment affirmed.