Filed Oct. 17, 1885.

———————◆———————

No. 11,689.

THE WESTERN UNION TELEGRAPH COMPANY *v.* McDANIEL.

TELEGRAPH COMPANY.—*Statutory Remedy.*—*Construction.*—A statute giving a remedy is to be construed as giving it to one entitled to recover under the general rules of law, unless it is otherwise expressed in the statute itself.

SAME.—*Contributory Negligence Bars Recovery of Statutory Penalty.*— Contributory negligence in the sender of a message will bar a recovery of the statutory penalty for a breach of duty.

SAME.—*Facts Constituting Contributory Negligence.*—Where the sender of a

message directs it " To Mrs. La Fountain, Kankakee," a city of twelve or fifteen thousand inhabitants, and fails, upon having his attention called to the fact by the agent of the telegraph company, to make the name more definite, or to give the street and number of her residence, he is guilty of contributory negligence.

SAME.—*Province of Supreme Court.*—Upon an indisputable state of facts, it is the province of the Supreme Court to pass upon the question of the defendant's negligence.

From the Benton Circuit Court.

*J. R. Coffroth, T. A. Stuart, J. A. Stein* and *D. Fraser,* for appellant.

*J. T. Brown* and *G. H. Stewart,* for appellee.

ELLIOTT, J.—The questions in this case arise on the evidence, and it is unnecessary to say anything more of the pleadings than that the complaint seeks a recovery of the statutory penalty directed against telegraph companies guilty of a breach of duty.

The message which the appellee left with appellant's agent at Fowler, in this State, was addressed thus: " To Mrs. La Fountain, Kankakee." The sender of the message testified that " The despatch was intended for Louis La Fountain, but was sent to Mrs. La Fountain for him." The operator at Fowler was called as a witness by the appellee, and in the course of his testimony said: " I wrote the despatch as Mr. McDaniel told me; I asked for the given name of Mrs. La Fountain and her street number; he said he did not know it, and it was not necessary to give her name or street number as she was well known." The messenger boy at Kankakee testified that he delivered the message to Mrs. Nancy La Fountain at her home, and that she was the only Mrs. La Fountain that he knew.

The appellee introduced Mrs. Gertin who swore that she had formerly been known as Mrs. La Fountain, but that she had not been known by that name for twelve years, and that it was at her house that the message was left. On her cross-examination, however, she said: " There was a woman in my

house at Kankakee by the name of Mrs. La Fountain, her husband, Mr. La Fountain, was my son." The messenger boy was recalled, and, in the course of his testimony, said: " I left the message with the only Mrs. La Fountain I knew, in that old lady's ( Mrs. Gertin's) house."

The plaintiff also introduced evidence tending to show that some time after the delivery of the message, the boy asked Mrs. Gertin to sign the receipt for the message, and that at the time this request was made she refused to accede to it, but she did subsequently authorize her son to sign the name of Mrs. La Fountain to the receipt. Kankakee was shown to be a city of from twelve to fifteen thousand inhabitants.

The ground upon which the statute authorizes a recovery in a case like this is negligence, and it devolves upon the plaintiff to establish a negligent omission of duty. It is true that he makes out a *prima facie* case of negligence when he proves that a message, properly addressed, was not delivered, and it is also true that all he need do is to state a *prima facie* case in his complaint, and establish it by the evidence. *Julian* v. *Western Union Tel. Co.*, 98 Ind. 327.

The rule that the telegraph company must explain the failure to deliver the message is founded upon the same general principle on which rests the rule that a carrier of passengers must explain the cause of an injury to a passenger when an injury is shown. *Western Union Tel. Co.* v. *Scircle, ante,* p. 227.

The fact that the carrier of passengers must explain the cause of the injury does not, however, prevent the application of the doctrine of contributory negligence. The doctrine of our cases, and they are in line with the great weight of authority, is, that where negligence is the basis of the action, the plaintiff must prove that his own negligence did not proximately contribute to the injury for which he sues. Negligence is the basis of such an action as this, and it is difficult to perceive why the doctrine of contributory negligence

should not apply in all its vigor; but, at all events, it is clear that where the evidence affirmatively shows contributory negligence, the action will fail. There is authority for the proposition that contributory negligence will bar an action for damages resulting from a negligent breach of duty. Scott & J. Law of Telegraphs, sec. 413. This is in harmony with the general principles affirmed by a long and straight line of decisions, and it is consistent with ancient and familiar principles of elementary law. The law encourages diligence and rebukes negligence. It requires of men the exercise of prudence and care. Equity, liberal as are its principles, denies relief in cases of accident and mistake to those who fail to exercise ordinary care and prudence, and it denies relief to a suitor who is not diligent in instituting his suit. More than this, equity refuses its aid to relieve against fraud, if the suitor has omitted to exercise the prudence and care of a reasonable man. All the analogies of the law support the rule that the negligent man can not recover for an injury caused by the negligence of another. If there is any case where the doctrine of contributory negligence should apply, it is to an action to recover a statutory penalty, where the foundation of the right of recovery is the negligence of the defendant. In such a case, the plaintiff suffers no actual loss, and sustains no real injury. If the negligent breach of duty causes him loss or does him harm, his remedy is for a breach of contract, not an action to enforce a penalty. The man who seeks to enforce a statutory penalty demands the enforcement of a steel-cold, legal right, and he, of all suitors, should be free from negligence. The foundation of his action is the negligence of the person whom he sues, and he sues, not because he has suffered loss, but because the statute gives him a right to enforce a penalty for his own benefit. Demanding, as he does, that his adversary be punished for negligence, his demand comes with bad grace when he is himself guilty of the same species of wrong for which he seeks to recover.

The statute did not intend to reward the negligent. To

permit a man to recover whose own fault proximately contributed to bring about the failure of duty of which he complains would put a premium on carelessness, for the more careless the sender of a message, the greater the probability of a failure to transmit his message correctly. There would be less likelihood of a message carefully addressed going astray, than of one carelessly addressed, and, therefore, the more careless the sender the greater the chance of his obtaining a reward in the shape of the statutory penalty, unless his own negligence could be used against him. If contributory negligence can not be made available, then the statute might be made the instrument of great injustice, for unscrupulous men, seeking to recover the penalty, would so address their messages as to make it easy to deliver them to the wrong person, or not to deliver them at all. The statute was not intended for the benefit of either negligent or bad men.

Statutes form part of one great and uniform system of law. *Humphries* v. *Davis*, 100 Ind. 274 (50 Am. R. 788). A statute giving a remedy is to be construed as giving it to one entitled to recover under the general rules of law, unless it is otherwise expressed in the statute itself. This has been held time and again of statutes giving a right to recover where death is caused by negligence. In these cases, and it may almost be said, "their name is legion," it has been uniformly held that contributory negligence is a complete bar to a recovery, yet the statute gives a right of action in general terms. Illustrations might be multiplied, but the proposition is so clear in itself that we deem it unnecessary. We conclude that contributory negligence in the sender of a message will bar a recovery of the statutory penalty. If we ruled otherwise, we should declare that negligence in one party was rewarded by punishing his adversary, and such a holding would violate all principle and ignore all precedent.

The appellee was guilty of negligence. His attention was called to the fact that the name of the person to whom the message was addressed should be given, and that the street

and number should be stated. He failed to give either and rested upon the supposition that she was well known. This was not such prudence and care as the law requires. If a man addresses a message to Mrs. Jones, or Mrs. Smith, in a city of twelve or fifteen thousand inhabitants, he exercises a degree of care much below the legal standard. It may possibly be, that if the telegraph company had accepted the message without calling the sender's attention to the insufficiency of the address, it could not be held that there was contributory negligence, but, here, the sender of the message had his attention directed to the insufficiency of the address, and, instead of endeavoring to remedy the defect, elected to incur the hazard of its safe transmission. He was in fault, he assumed the risk, and he can not make another suffer for the consequences of his own negligence. Slight care on his part would have provided the means of identifying the person to whom the message was sent, and having, after due warning, failed to exercise this care, he is in no situation to demand a penalty. Penalties are not given as a matter of favor, and one who claims a penalty must bring himself fully and clearly within the law.

We do not decide this cause upon the weight of evidence. We put our decision upon the ground laid down by the Supreme Court of Pennsylvania in a case not unlike the present. It was said by that court: "The cases are numerous that upon an undisputed state of facts it is the province of the court to pass upon the question of defendant's negligence." *Koons* v. *Western Union Tel. Co.,* 102 Pa. St. 164. The rule stated in the case cited is the rule of this court. *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186. These cases, it is true, speak of the negligence of the defendant, but negligence is negligence whether on the part of the plaintiff or of the defendant, and the rule as to how it is to be determined and by whom, is the same in the one case as in the other.

We do not deem it necessary to decide the other questions discussed, as there must be a new trial, and these questions may not again arise.

Judgment reversed.

Filed Oct. 13, 1885.