# The United Security, Life Insurance and Trust Company of Penna. *v.* A. L. Ritchey, Appellant.

*Mortgage—Life insurance—Payment—Statement.*

On a scire facias sur mortgage it appeared that the plaintiff, a life insurance company, in accordance with its manner of doing business, had paid the defendant the amount of his insurance at the time the contract was made; that in consideration thereof the defendant contracted to pay to the company for a fixed period an agreed monthly premium, to be secured by a mortgage. According to the by-laws of the plaintiff, the death of the insured ipso facto would extinguish the mortgage, but on failure to pay, the company had the option of collecting premiums as they fell due, or of demanding repayment of the amount of the insurance advanced. The defendant further had the right to cancel the policy at any time after five years, upon paying any premiums then due, and in such case the company agreed to account to him for the surrender value of the policy, to be computed according to the life tables then adopted and in use by the company, access to which tables at the office of the company should at all times be had by the insured. The defendant paid his monthly premiums for a time, when he defaulted, but subsequently made good the default, and the company reinstated him. Afterwards there were fre-

quent defaults and reinstatements until finally defendant asked the company for a statement of the balance due after crediting all payments as premiums. This statement was furnished, but the balance claimed was not paid, and the company issued a scire facias on the mortgage. Defendant filed an affidavit of defense in which he averred that on his defaults the contract of insurance was forfeited, and that payments made by him thereafter were merely payments on the loan. He did not, however, deny that when he made default and paid up arrears he was reinstated, but he averred that the company gave him no notice of reinstatement. *Held,* (1) that the contract of insurance was in no sense unfair or unconscionable; (2) that the defense set up by the affidavit was an inference wholly unwarranted by the facts; (3) that the affidavit of defense was insufficient to prevent judgment; (4) that the insurance company was not obliged to append its life tables to the statement of claim.

Argued April 20, 1897. Reargued April 18, 1898. Appeal No. 586, Jan. T., 1896, by defendant, from judgment of C. P. Blair Co., Oct. T., 1896, No. 14, from order making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before BELL, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*H. C. Madden,* of *Heinsling & Madden,* for appellant.—A scire facias cannot issue for the recovery of each instalment, as it matures : Fickes v. Ersick, 2 Rawle, 166.

No default in the payment of any of the sums or instalments is averred, and no provision in the mortgage, or in the bond or agreement secured thereby, whereby the sums or instalments mentioned in the agreement, became due, upon the default in the payment of any one of them, is alleged. Such provision and default cannot be inferred, and no cause of action is shown : Ewart v. Irwin, 1 Phila. 78; Swift v. Allegheny Building Assn., 82 Pa. 142.

The covenants in the contract of loan to pay the dues and to maintain the protection risk are mutual and dependent. Upon default in payment of the dues, the choice of two remedies are offered. Enforcement of the contract by recovery of the dues,

or rescission and recovery of damages for the breach.   The notice given by the plaintiff company that the protection risk was forfeited was sufficient, and rescinded the contract.   The damages to be recovered in such case would be the original consideration : American Life Ins. v. McAden, 109 Pa. 399.

The dues, whether the contract be insurance or loan, go to make up the amount of the advancement, interest and indemnity on the risk, and the parts of the dues paid previous to the rescission, applicable to the consideration, would go to the reduction of the damages.

If recovery can be had in this action the amount can only be for the original consideration or loan, diminished as hereinbefore stated, with interest on the balance, and not the value of the contract, estimated according to the settlement value table : Fire Ins. Co. v. Oberholtzer, 172 Pa. 230.

*Andrew M. McCamant* and *Henry Labarre Jayne*, with them *Biddle & Ward*, for appellee.—An insurance company may waive a breach, and it does waive it by the acceptance of an overdue premium.   It may also decline to waive the breach and notify the insurer that it will not pay the policy in case of death, yet subsequently change its decision and insist upon the performance of the contract according to its terms : Zuck v. McClure, 98 Pa. 541.

OPINION BY MR. JUSTICE DEAN, July 21, 1898 :

The plaintiff's scheme of life insurance, is comparatively a new one.   It pays to the insured at once the amount of his insurance.   In consideration, the insured contracts to pay to the company for a fixed period, an agreed monthly premium, to be secured by mortgage ; the death of the insured, ipso facto, extinguishes the mortgage, but on failure to pay, the company has the option of collecting the premiums as they fall due, or of demanding repayment of the amount of the insurance advanced. In substance, the contract is nothing more than the usual endowment policy, with this difference : the insured, instead of paying his annual premiums for a period of ten or fifteen years, and then receiving the amount of his policy, receives the amount down at the date of the contract, and engages to pay the premiums until the end of the term, for the performance of which

stipulation he gives as security a mortgage, from which last, if death occurs during the term, he is discharged. Notwithstanding the epithets bestowed upon it in the argument, the contract is in no sense unfair or unconscionable. It, probably, offers a temptation, the possession of ready money, to the needy or adventurous, over the ordinary policy payable only at death, or at the end of the term, which induces this class to insure, who would not otherwise do so. But we have nothing to do with the form of men's contracts, so long as they are lawful, as is this one.

On September 30, 1889, the defendant, Ritchey, received from plaintiff the sum of $2,700, which he agreed to repay plaintiff within fifteen years in monthly instalments, commencing with $34.83, then annually decreasing until the last year, when the monthly payment was $17.01; if he died at any time after the date of the policy, all liability for further payments ceased. The insured, further, had the right to cancel the policy at any time after five years, upon paying any premiums then due, and the company then agreed to account to him for the surrender value of the policy, to be computed according to the life tables then adopted and in use by the company, access to which tables at the office of the company should at all times be had by the insured. Ritchey paid his monthly premiums promptly until March, 1890, when he made default; subsequently, April 24, 1890, he made good the default, and the company reinstated him. Frequent defaults and reinstatements occurred between that date and August 15, 1895, when he finally ceased paying, and asked the company for a statement showing the amount owing by him on the mortgage. The statement was furnished, showing a balance due the company, after crediting all payments as premiums, of $1,902. The defendant neglecting to provide for payment, sci. fa. was issued on the mortgage. To this defendant made affidavit of defense, averring that on his default in payment due March 15, 1890, the contract of insurance was forfeited, and any payments made by him thereafter, up to February 15, 1893, were but payments on the loan; that at that date, he was reinstated by the company on the insurance contract, and that he then paid for insurance risk until August 15, 1893, when he again defaulted and, that, although he made monthly payments up to November, 1895, they were but payments on the debt, and not on the contract of insurance.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which rule the court below, in opinion filed, made absolute. From that judgment, we have this appeal by defendant.

A careful examination of the affidavit discloses no fact in denial of plaintiff's statement. The statement avers the original debt by the contract, then sets out all the payments made as monthly premiums; each one was the exact amount to a cent of the premiums due on the insurance contract. The defendant does not allege that any payment made is not credited, but he denies that the payments during the periods of default were on the insurance risk; he alleges that from March 15, 1890, to February, 1893, the company was not carrying a life risk, but merely a loan. He does not deny the averments of the company, that whenever he made good a default, that is, paid up arrears, he was reinstated. His defense is an inference, wholly unwarranted by the facts averred; he says he made default, and the company notified him that his insurance ceased until he made payment, then he made payment of the exact amount of premium due, and the company accepted and receipted for it; he says they gave him no notice of reinstatement, therefore, the company no longer carried his life risk, and the sum paid must be credited on the mortgage as a loan at six per cent interest; this would make a difference, he does not state how much, but obviously, of several hundred dollars in his favor. The inference, as we have said, is not warranted. As suggested by the learned judge of the court below, suppose he had died during one of these periods, when, as he alleges, the company was not carrying his life risk, and it had brought suit on the mortgage, alleging the insurance contract had been forfeited; then his representatives had exhibited receipts of the company for every monthly premium, some of them, however, dated long after the premium had become due; would any court have failed to promptly decide, that the acceptance of the premium was a waiver of the right to declare a forfeiture for the default? Not a single one of the material facts averred by plaintiff is denied, and the court below properly decided that defendant's conclusion was not sustained.

Another point made by appellant, is that the statement is insufficient, because the settlement value tables are not appended

to it.  He complained of this in the court below before filing his affidavit, and the court enlarged the time for filing, that he might have opportunity to examine these tables in the office of the company.  They are a long series of mathematical calculations, constituting a volume; it would be needlessly burdensome to copy and attach them to a statement.  By the express words of his contract these tables were open to his inspection at all times at the office of the company; at his own request he was given time to examine them; his contract fixes but that one place where the company is bound to exhibit them to him.  No suitor is bound to attach to his statement a copy of the multiplication table, a table of logarithms or a copy of life tables.

The judgment is affirmed.