FARMERS AND TRADERS BANK OF SHENANDOAH, IOWA, Appellee, v. ANNA JOHNSON, Appellant.

Action to Enforce a Lien on Policy of Insurance: ASSIGNMENT OF:
1    ESTOPPEL.   A beneficiary who has assigned a policy of life insurance to obtain a loan of money is estopped from claiming that the policy is void on the ground that the beneficiary had no insurable interest.

Assignment of Policy: INSURABLE INTEREST OF ASSIGNEE.  A daughter, 
2    who is the beneficiary in a policy of insurance on the life of her father, may make a valid assignment of the policy, and the assignee need not have an insurable interest in the life of the insured or that of the beneficiary.

Same:   CHOSE IN ACTION:   The policy of life insurance in question 
3    is a chose in action, and under the statute may be assigned and the assignment enforced.

Revenue Stamps: FAILURE TO AFFIX: EFFECT. Failure to stamp 
4    the assignment when executed, as required by the Federal Revenue Act, will not render the same void in the absence of an intent to avoid the provisions of that law, or to defraud the government of the stamp duty.

*Appeal from Page District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, OCTOBER 28, 1902.

ACTION on two promissory notes, and to establish and foreclose a lien on a policy of insurance on the life of Phineas H. Watson, in which defendant was named as beneficiary; and by her assigned to plaintiff as collateral

security for the payment of the two notes. Defendant pleaded the illegality of the assignment—First, because it was not stamped as required by the acts of congress and, second, because such assignments are contrary to public policy, and void. The trial court found for plaintiff, and the defendant appeals.—*Affirmed.*

*W. P. Furguson* for appellant.

*C. S. Keenan* for appellee.

DEEMER, J.—Defendant and her husband, William Johnson, borrowed of the plaintiff something like $557, and executed their promissory notes therefor. To secure the said notes, defendant, who was the bene-

I. ASSIGNMENT of policy: estoppel.

ficiary in an ordinary life policy of insurance issued on the life of her father, and on which she had paid nine annual premiums, assigned the same to plaintiff by a written instrument which reads as follows, to wit: "December 22d, 1899. For value received, in consideration of the Farmers' and Traders' Bank of Shenandoah, Iowa, loaning us $225.00 now, and for any sums previously or hereafter loaned us, we hereby assign as collateral security, as their interest may appear, the attached insurance policy, 462,933, for $1,000.00, on the life of Phineas H. Watson, in the Mutual Life Insurance Company of New York, the same being payable to Anna J. Bartholomew, daughter, now Anna Johnson. Anna Johnson. Wm. Johnson." At the time the assignment was made, the internal revenue law was in force, which required such instruments to be stamped. When issued, no stamp was affixed thereto; but when sent to the insurance company it was returned with the suggestion that stamps had been omitted, and plaintiff thereupon affixed the proper stamps, and caused them to be canceled in the name of the defendant. This was done some time in the summer of the year 1900, and this action was brought in August of that year.

It will be noticed that plaintiff is in no manner related to Phineas H. Watson, and it is not and was not his creditor. The beneficiary was the daughter of the insured, and the debtor of plaintiff. Appellant contends that, as plaintiff had no insurable interest in the life of Watson, the assignment to it was invalid; and her counsel present some cases which seem to so hold. These cases do not appeal to us, however, and, for reasons to be hereinafter suggested, it will appear that many of them are not in point. That a daughter has an insurable interest in the life of her father seems to be held by many cases. *Insurance Co. v. France,* 94 U. S. 561 (24 L. Ed. 287); *Insurance Co. v. Bailey,* 13 Wall. 619 (20 L. Ed. 501); *Geoffroy v. Gilbert,* 5 App. Div. 98 (38 N. Y. Supp. 643); *Warnock v. Davis,* 104 U. S. 775 (26 L. Ed. 924); *Elkhart v. Houghton,* 103 Ind. 294 (2 N. E. Rep. 763, 53 Am. Rep. 514); *Cronin v. Insurance Co.,* 20 R. I. 573 (40 Atl. Rep. 497); *Insurance Co. v. Hazelwood,* 75 Tex. 338 (12 S. W. Rep. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893); *Bank v. Hume,* 128 U. S. 195 (9 Sup. Ct. Rep. 41, 32 L. Ed. 370); *Loomis v. Insurance Co.,* 6 Gray, 399; *Croswell v. Association,* (S. C.) 28 S. E. Rep. 200; *Insurance Co. v. Kane,* 81 Pa. 154 (22 Am. Rep. 741); *Bursinger v. Bank,* 67 Wis. 75 (30 N. W. Rep. 290, 58 Am. Rep. 848); *Lane v. Lane,* 99 Tenn. 645 (42 S. W. Rep. 1058); *Voorheis v. Society,* 91 Mich. 469.(51 N. W. Rep. 1109); *Insurance Co. v. O'Niel,* 54 L. R. A. 228, 229, and cases cited in note (s. c. 45 C. C. A. 641, 106 Fed. Rep. 800). Although there are many cases to the contrary. Even if the rule established by the authorities cited were not true, we do not see how defendant would be injured by the decree entered in this case. If she had no insurable interest in the life of her father, and took nothing under the policy, then she is in no manner harmed by this decree. It does not lie in the mouth of a beneficiary who has assigned a policy and obtained money on the strength thereof to say that the

policy was invalid because she had no insurable interest. The policy is not void, even should it be found that the beneficiary had no such interest as that the proceeds could be made payable to her. *Coudell v. Woodard* (Ky.) 29 S. W. Rep. 614; *Rindge v. Society*, 146 Mass. 286 (15 N. E. Rep. 628); *Mayher v. Insurance Co.*, 87 Tex. 169 (27 S. W. Rep. 124). Moreover, it is doubtful if any one but the insurance company may take advantage of the fact that the beneficiary had no insurable interest. *Johnson v. Van Epps*, 110 Ill. 551. Without making a definite pronouncement on this point, it is sufficient to say that defendant is clearly estopped from saying that she had no insurable interest.

Assuming, then, that the policy was valid when issued, —and this we do not at this time decide,—or that defendant is estopped from denying its validity, the next question

2. SAME: insurable interest of assignee.

is the legality of the assignment to plaintiff. There are cases holding that such an assignment is invalid, for the reason that the assignee has no insurable interest in the life of the insured. See *Warnock v. Davis, supra*; *Alabama Gold Life Ins. Co. v. Mobile Mut. Ins. Co.*, 81 Ala. 329 (1 South. Rep. 561); *Insurance Co. v. McCrum*, 36 Kan. 146 (12 Pac. Rep. 517, 59 Am. Rep. 537); *Downey v. Hoffer*, 110 Pa. 109 (20 Atl. Rep. 655); *Roller v. Moore's Adm'r.*, 86 Va. 512 (10 S. E. Rep. 241, 6 L. R. A. 136), and some other cases. But even in these jurisdictions it is generally held that no one but the insurer may take advantage of the invalidity, and that the assignee of a policy may recover what he has advanced, or expended in keeping it in force, with interest on the money out of the use of which he has been deprived. *Hoffman v. Hoke*, 122 Pa. 377 (15 Atl. Rep. 437, 1 L. R. A. 229); *Myers v. Schumann*, 54 N. J. Eq. 414 (34 Atl. Rep. 1066); *Stoelker v. Thornton*, 88 Ala. 241 ( 6 South. Rep. 680, 6 L. R. A. 140); *Warnock v. Davis, supra*; *Helmetag's Adm'r. v. Miller*, 76 Ala. 183 (52 Am. Rep.

316); *Harley v. Heist*, 86 Ind. 196 (45 Am. Rep. 285); *Basye v. Adams*, 81 Ky. 368, and authorities heretofore cited. So that, should we follow the rule of these cases, it would not profit appellant, .for the decree entered in this case simply subjects the policy to the payment of plaintiff's judgment on the notes. But we are not prepared to go to the extent of some of these cases. The better rule, we think, is that such an assignment as was made in this case is valid, and that the assignee need not have an insurable interest in the life of the insured or in that of the beneficiary. Our views are well expressed in *Insurance Co. v. Allen*, 138 Mass. 24 *(52 Am. Rep. 245), which reviews and discusses some of the cases hitherto cited. See, also, *Brown v. Association* (Mass.) 53 N. E. Rep. 129); *Curtis v. Insurance Co.*, 90 Cal. 245 (27 Pac. Rep. 211, 25 Am. St. Rep. 114); *Fitzpatrick v. Insurance Co.*, 56 Conn. 116 (13 Atl. Rep. 673, 17 Atl. Rep. 411, 7 Am. St. Rep. 288); *Rittler v. Smith*, 70 Md. 261 (16 Atl. Rep. 890, 2 L. R. A. 844); *Murphy v. Reed*, 64 Miss. 614 (1 South. Rep. 761, 60 Am. St. Rep. 68); *Belknap v. Johnston*, 114 Iowa, 265; *Brown v. Mansur*, 64 N. H. 39 (5 Atl. Rep. 768); *Carpenter v. Knapp*, 101 Iowa, 729; *Olmstead v. Keyes*, 85 N. Y. 593; *Clark v. Allen*, 11 R. I. 439 (23 Am. St. Rep. 496); *Shuman v. Supreme Lodge*, 110 Iowa, 480. In this state all causes of action are assignable, and actions thereon may be brought by assignees in their own names. Code sections 3044, 3046, 3443. Policies of life insurance like the one in question are undoubtedly choses in action, and under the statutes referred to there is no doubt of their assignability. *Crocker v. Hogin*, 103 Iowa, 243, and cases cited. Under either rule there is no doubt, we think, of plaintiff's right to enforce the assignment, at least to the extent of its claim, with interest.

3. SAME: chose in action.

II. Regarding the failure to affix a revenue stamp, the writer would be glad to see a rule established which

would hold these internal revenue acts passed by congress inapplicable to actions in state courts. This

4. REVENUE stamp: failure to fix: effect.

is unquestionably the doctrine established by the great weight of authority. See admirable note to *Knox v. Rossi* (Nev.) 48 L. R. A. 305 (s. c. 57 Pac. Rep. 179, 83 Am. St. Rep. 566), where the cases are collated and reviewed. But if we follow the rule announced in *Mitchell v. Insurance Co.*, 32 Iowa, 421, and other like cases, the same result is reached. In that case we said that omission to stamp a document as required by the federal revenue act was material only when the omission was made with intent.to evade the provisions of that law, or to defraud the government of the stamp duty. See, also, *Harvey v. Wieland*, 115 Iowa, 564. There is no evidence in this case of any such intent on the part of either of the parties. As soon as plaintiff's attention was called to the matter, it promptly affixed the stamp, and defendant at no time claimed that there was any purpose on her part to defraud. She simply questions the authority of the bank to affix and to cancel the stamp in her name. That, as we have already intimated, is a wholly immaterial matter. The stamp was affixed when the document was offered, and that was sufficient.

There is no error in the record, and the judgment is AFFIRMED.