## United Security Life Insurance, Etc., Co. *v.* Brown, Appellant (No. 3).

*Insurance—Life insurance — Insurable interest — Stepson — Illegal contract—Presumption—Common intent—Estoppel—Taking advantage of own wrong.*

1. A person has no insurable interest in the life of his stepson, unless he is a creditor, or dependent upon or responsible for his support.

2. If a person takes out a policy of insurance on the life of his stepson, representing the latter as his son, the policy is enforceable against the beneficiary.

3. In such case, the beneficiary is estopped from asserting the existence of a different state of facts for the purpose of transmuting what was legal into something unlawful.

4. Presumptively, the contract was lawful, and it will not be assumed that the company intended to undertake to do something illegal.

5. The illegal intent that defeats a contract must be the common intent of both parties.

Argued February 21, 1921. Appeal, No. 161, Jan. T., 1921, by defendant, from judgment of C. P. Lackawanna Co., March T., 1917, No. 742, for plaintiff, on case tried by the court without a jury, in suit of United Security Life Insurance & Trust Co. of Penna. v. George W. Brown. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mortgage. Before MAXWELL, P. J., specially presiding.

274 U. S. LIFE INS., ETC., CO. *v.* BROWN, Appel. (No. 3).

Statement of Facts—Arguments.          [270 Pa.

The case was tried by the court by agreement of counsel under the Act of April 22, 1874, P. L. 109.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for $8,795.79: See 19 Lackawanna Jurist 1.   Defendant appealed.

*Error assigned,* among others, was above judgment, quoting it.

*R. L. Levy,* with him *Clarence Balentine,* for appellant.—An agreement void as against public policy cannot be rendered valid by invoking the doctrine of estoppel: Fowler v. Scully, 72 Pa. 456; Weed v. Cummings, 12 Pa. Superior Ct. 412; Colby v. Title Ins. & T. Co., 117 Pac. 913.

A party to an illegal contract cannot, either at the time of the execution of the contract or afterward, waive his right to set up the defense of illegality in any action thereon by the other party: Henry Christian Building & Loan Assn. v. Walton, 181 Pa. 201; Hunter v. Nolf, 71 Pa. 282; Negley v. Lindsay, 67 Pa. 217; Lancaster County v. Fulton, 128 Pa. 48; Kuhn v. Buhl, 251 Pa. 348; Fowler v. Scully, 72 Pa. 456.

*A. A. Vosburg,* with him *Knapp, O'Malley, Hill & Harris* and *Biddle, Paul, Dawson & Yocum,* for appellee.—The principle of estoppel applies and bars the defendant from contradicting the statements and representations upon the strength of which he obtains the money from plaintiff company under an apparently legal contract: Hill v. Epley, 31 Pa. 331, 334; Max Meadows Land & Imp. Co. v. Mendenhall, 4 Pa. Superior Ct. 398; Plotts v. Warburton, 20 Pa. Superior Ct. 496; Swift & Co. v. Herkness, 21 Pa. Superior Ct. 523; Robertson v. Hay, 91 Pa. 242; Osmond's Est., 161 Pa. 543; Kaufman v. Friday, 201 Pa. 178; Strang v. MacArthur, 212 Pa. 477; Sauer v. McKees Rocks School Dist., 243 Pa. 294.

U. S. LIFE INS., ETC., CO. v. BROWN, Appel. (No. 3). 275

1921.]                    Opinion of the Court.

OPINION BY MR. JUSTICE SADLER, April 18, 1921:

This case was tried in accordance with the Act of April 22, 1874, P. L. 109, by a judge without a jury. The transaction was similar to that considered in other proceedings between the same parties, which have been disposed of in opinions this day filed (U. S. L. I. & T. Co. v. Brown, the preceding cases). Here, the application for the insurance was made by one describing himself as the son of the defendant, Brown. The relationship was in fact that of stepson, as the court has found, but this was unknown to the company and its agent at the time of the making of the contract in question, and the payment of the moneys thereunder. The defendant had an insurable interest in the life of a son (Reserve Mut. Life Ins. Co. v. Kane, 81 Pa. 154), but not of a stepson, unless he was a creditor, or dependent upon or responsible for his support (U. B. Mut. Aid Soc'y v. McDonald, 122 Pa. 324), a situation which does not appear in this case. The contract was executed in reliance upon the statements made in the application, and the insured is described therein, as well as in the bond and mortgage given by the defendant, as a son. Had he been such, the transaction would have been unobjectionable, and the plaintiff in the present proceeding would be entitled to recover: United Sec. Co. v. Ritchey, 187 Pa. 173.

The plaintiff at the trial presented its mortgage and proved a default. On the face of the papers the transaction was legal. "Where an agreement is lawful on its face, or is capable of being executed in a lawful way, and the intention of one of the parties is that it be executed, he is entitled to enforce it notwithstanding the other party intended an illegal act, if he was unaware of the illegal intention": Sauer v. McKees Rocks Sch. Dis., 243 Pa. 294, 303; 13 C. J. 517; Big Spring Elec. Co. v. Kitzmiller, 268 Pa. 34; Wright v. Pipe Line Co., 101 Pa. 204. The company became a party to what appeared to be a perfectly valid transaction. It now insists, with reason, that the defendant is estopped from asserting

276 U. S. LIFE INS., ETC., CO. *v.* BROWN, Appel. (No. 3).

Opinion of the Court. [270 Pa.

the existence of a different state of facts for the purpose of transmuting what was legal into something unlawful. In considering the question, it is to be kept in mind that the wrongful purpose existed solely in the mind of the defendant. "The illegal intent that defeats a contract must be the common intent of both parties. If the purpose of either in making it is lawful, or if he supposes the other's purpose so to be, and contracts upon that supposition, his right to recover upon the contract after performing or tendering performance is clear. It is not enough to defeat it that it is susceptible of an illegal use, or that one of the parties to it may have contemplated and designed such illegal use, if the other had the right to suppose under the circumstances that the contract was to have effect according to its apparent lawful construction. Accordingly, the fact that one party to a contract, prima facie untainted by illegality, intended by its means to violate the law will not enable him to defeat the other party's action for its breach": 6 R. C. L. 695.

It has been said that an estoppel will not occur where the transaction is of a character condemned as a matter of public policy, and many decisions will be found where a recovery based on such an agreement has been refused: Kuhn v. Buhl, 251 Pa. 348. That is not the situation here; the plaintiff does not seek to enforce an illegal contract, but invokes the doctrine of estoppel to prevent the defendant from taking advantage of his own wrong in asserting that a transaction, valid on its face, is, as a matter of fact, of a different quality, and in effect a wager which cannot be enforced. The principle contended for has been sustained, under similar circumstances, where the contract rested on a forgery, the maker representing the signature to be valid; in cases of usury, and of gambling; all prohibited by law: 10 R. C. L. 809. The same rule has been applied to insurance contracts as against the insured, who sought to recover back premiums paid on a cancelled policy on the ground

U. S. LIFE INS., ETC., CO. *v.* BROWN, Appel. (No. 3). 277

1921.]                              Opinion of the Court.

that there had been a misstatement of the existence of an insurable interest (Lewis v. Phœnix Mut. L. I. Co., 39 Conn. 100; Farmers & T. Bank v. Johnson, 118 Ia. 282); and as against the insurance company which, with knowledge, received premiums and subsequently attempted to take advantage of a provision in the policy which required all claims of loss "to be subject of proof of interest": Foster v. Preferred Accident Ins. Co. (U. S. C. C. App. Pa.), 125 Fed. 536.

"The company, having issued the policy with knowledge of the nature of the interest of the person to whom the policy is issued, cannot defeat recovery thereon for want of insurable interest; nor, on the other hand, can the person to whom the policy is issued set up want of insurable interest rendering the policy invalid as a ground for recovering back the premiums, or set up lack of insurable interest in the beneficiary for the purpose of avoiding an accounting to the beneficiary for the proceeds": 25 Cyc. 711.

Presumptively, the contract in the present case was lawful (Harbison-Walker Refractories Co. v. Stanton, 227 Pa. 55), and it is not to be assumed that the company intended to undertake something illegal; rather the inference is to be drawn that no policy would have been issued had the truth been told, showing the defendant to lack an insurable interest: Lewis v. Phœnix Mut. L. I. Co., supra. Brown cannot be permitted to assert, to the prejudice of the company, what his previous conduct had denied, when the contract was entered into on the faith of his representation. The defendant cannot set up his own fraud: Sickman v. Lapsley, 13 S. & R. 224; Hendrickson v. Evans, 25 Pa. 441.

We are convinced that no error was committed by the court below, and the assignments of error are overruled.

The judgment is affirmed.